JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11–1774 PA (OPx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | Maltby Biocontrol, Inc., et al. v. Biobest N.V., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of defendant Biobest N.V.'s ("Defendant") Notice of Removal filed on November 8, 2011. Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation, on the other hand, is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

To establish diversity jurisdiction, Defendant's Notice of Removal alleges that "[a]s set forth in the Amended Complaint, Defendant is a Belgian corporation, . . . Plaintiff Maltby Biocontrol, Inc. . . . is a California corporation, and Plaintiffs Howard Maltby and Barbara Maltby are California citizens." (Notice of Removal ¶¶ 11-12.)

Plaintiffs' Amended Complaint does adequately allege the citizenship of Maltby Biocontrol, Inc. (See Notice of Removal, Ex. 2 at 2.) However, the Amended Complaint only alleges the *residences* of plaintiff Howard Maltby and Barbara Maltby, and it fails to allege the principal place of business of Defendant. (See id.) These allegations are defective. An allegation of a party's residence is not sufficient to establish citizenship in a removed action because there is a strong presumption against

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11–1774 PA (OPx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | Maltby Biocontrol, Inc., et al. v. Biobest N.V., et al. | | |

removal jurisdiction.  See Kanter, 265 F.3d at 857; Gaus, 980 F.2d at 567.  Moreover, without allegations as to a corporation's principal place of business, that party's citizenship cannot be fully established.  In seeking to invoke this Court's removal jurisdiction, defendants always bear the burden of proving that removal is proper.  Gaus, 980 F.2d at 566.  Defendant has failed to meet this burden.

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Riverside, Case No. RIC 10023038.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

_____  :  _____

Initials of Preparer  _____

cc: